3:09-bk-11257

UNITED STATES BANKRUPTCY COURT
EASTERN/WESTERN DISTRICT OF ARKANSAS DIVISION

IN RE:   Herbert Ellis                )        Case No: _____
                                       )            **Chapter 13**
                          Debtors   )

### CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtor shall pay $<u>800</u> per month to the Trustee. The first payment will be made within 30 days of the filing of the petition. Payment shall be made from the source listed below:

    Name of Employer:   <u>**Direct**</u>
    _____
    _____

    ( ) Weekly ( ) Bi-Weekly ( ) Semi-Monthly (XX) Monthly or ( ) Other.

2. **Plan Length**. The Debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for not less than the applicable commitment period (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

    The Debtor's plan length is (<u>60</u>) months. The following provision will apply if completed:

3. **Administrative Costs:**

    1) Trustee's Fees & Expenses
    2) ATTORNEY FEE to be paid through the plan**        $3,000.00
        ATTORNEY FEE paid by debtor prior to filing.     $   116.00
    3) Attorney's fee to be paid by trustee              $2,884.00
      **Attorney Fee shall be paid as follows:
      a. $1,000.00 from funds paid in by debtor, after administrative costs have been paid as the "kicker"; and
      b. the remaining fee balance shall be paid at the rate of 25% of the total disbursed to creditors each month thereafter until paid in full.

3:09-bk-11257

4. Priority Claims.

(A).  **Domestic Support Obligations.**

Debtor has a continuing support obligation **PAYABLE TO:**    and said regular monthly support payment shall be paid by debtor directly.  Additionally, debtor is **IN ARREARS OF CHILD SUPPORT** in the sum of $    and said sum shall be paid, **inside the plan,** in full within the life of the plan.

| Individual Support Owed to | | Agency Collecting Support | |
|---|---|---|---|
| Name | | Name | |
| Address | | Address | |
| City State Zip | | City State Zip | |

B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full.

1) _____  $ _____

2) _____  $ _____

For claims filed by the Internal Revenue Service, Arkansas Department of Finance & Administration (or other state taxing authority), Commissioner of State Lands and/or a count tax collector/treasurer if that entity reflects that all or a portion of its claim is secured, then, if that claim is allowed, the secured portion of that claim shall be paid in full unless other specific treatment is afforded that debt elsewhere in the plan.

**5. Secured Claims.**

(A).   **Secured Claims.**

(i). **Pre-confirmation Adequate Protection Payments.** Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse the payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

| Creditor Name and Last 4 Digits of Account Number | Collateral | Adequate Protection Payment Amount |
|---|---|---|
|  |  |  |
|  |  |  |

(ii). **Post-Confirmation Payments**. Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

a.  **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. The following claims will be paid as follows.

| Creditor/Collateral | Purchase Date | Debt Amount to be Paid | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

b.  **Other Secured Claims**. Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral.  Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a non-priority unsecured claim.

| Creditor/Collateral | Purchase Date | Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(B).  **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain**.  The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the pla n, and for which the Debtor will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor.  The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| CREDITOR | REG PYMT | ARREARAGE | AMOUNT PER MONTH TO CURE ARREARAGE |
|---|---|---|---|

1)

2)

**(C).   Surrender of Collateral**. Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C).  No further payments are to be made to the creditor on the secured claim. The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

CREDITOR                              DESCRIPTION OF PROPERTY
1)_____      _____

2)_____      _____

1.      6.      **Special Non-priority Unsecured Claims.** The following special non-priority unsecured claims will be paid prior to other non-priority unsecured claims. The reason for the special treatment is stated below.  Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

2.      7.      **Non-priority Unsecured Claims**. Allowed non-priority claims shall be paid in full (100%) unless a different treatment is indicated below:
3.

    ( ) A definite percentage of _____;

    ( ) A definite amount of $_____ subject to 11 U.S.C. §§ 1322 and 1325; or

    ( XX ) A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors.

        8.      **Executory Contracts and Unexpired Leases**.

The debtor  (   )  assumes or  (   )  rejects the following executory contract or unexpired lease.  **If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor.**

        CREDITOR        CONTRACT AND/OR DESCRIPTION OF LEASED PROPERTY

1)

1. 9. **Claims That Are Not to Be Paid by the Trustee.** The following claims are to be paid directly to the Creditor by the Debtor and not by the Trustee. These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by someone other than the Debtor from property that is not property of the estate.

**CREDITOR     DESCRIPTION OF PROPERTY/NATURE OF OBLIGATION**

1) Corning Savings & Loan         mortgage on residence

2)

1. 10. **Other Provisions:**

   (A). **Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

   (B). **Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

   (C). **Refunds.** In order to assist the Debtor in performance of the plan, the trustee may from time to time grant refunds to the Debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the Debtor.

   (D). **Other Provisions.** Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

   Debtor's mortgage company, including its successors, assigns and servicing agents (hereinafter "Mortgage Entities"), shall not charge any post-Petition fees (of any kind or nature) to Debtor's account, and shall not assess any such fees to the debtors during the periods of the Chapter 13 Plan or upon conversion of this case to another Chapter of the Bankruptcy Code, without prior Bankruptcy Court approval. Confirmation of this plan imposes a duty on the Mortgage Entities to: deem any pre-Petition arrearage as contractually current so that no Post-Petition delinquency status is declared due to pre-Petition events that are addressed in the Plan; apply Trustee payments on Pre-Petition arrearages only to such arrearages; apply mortgage payments made during the plan (whether by the Debtor or by the Trustee) to the month in which they were made (or designated to be made) under or during the Plan; post all

payments made in accord with the promissory note, mortgage, and/or deed of trust [sic]; notify the Trustee, the Debtors and the Attorney for the Debtors of any changes in the interest rate (and any new resulting payment amount), and of any changes in the taxes and/or insurance related to the collateral, and; comply fully with the provisions of 11 U.S.C. §524(i). Pre-Petition arrearages shall include only those sums included in the "allowed" proof of claim.

| | |
|---|---|
| **/s/Herbert Ellis** | **/s/Michael Crawley** |
| **Debtor** | **Michael E. Crawley, Jr. Bar # 97016** |
| | **Mike DeLoache, Bar # 90210** |
| | **Joel G. Hargis, Bar #2004-007** |
| | **Attorneys at Law** |